## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO.:

CRISTINA D. LEDFORD, an individual,

       Plaintiff,

vs.

GILLISS & GILLISS, INC., a Florida corporation,
d/b/a "Friendly KIA,"

       Defendant.

_____/

*8:10 CV 2605 T17 A&P*

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Claimant, Cristina D. Ledford, an individual ("Ms. Ledford"), sues Defendant, Gilliss &

Gilliss, Inc., a Florida corporation doing business as "Friendly KIA" ("Dealership"), and alleges:

### GENERAL ALLEGATIONS

#### *Synopsis of Claims*

1.     As detailed below, the Dealership fraudulently sold a wrecked vehicle which was

previously used as a rental car without disclosing its prior use as required under Florida law by

concealing the title from Plaintiff at the time of the purchase of the Vehicle. In particular, the

Dealership violated the requirements of the Federal Odometer Act, 44 U.S.C. §32701, by not

providing consumer disclosures on the vehicle title as mandated by Congress.

2.     The fraudulent acts of the Dealership also give rise to state law claims for *inter alia*

violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes §501.201, *et*

*sequi*, and for fraud and misrepresentation.

#### *Allegations as to Parties*

3.     At all times material hereto, Ms. Ledford was *sui juris* and a resident of Hernando

County, Florida. Ms. Ledford is a "transferee" as said term is defined under 49 C.F.R. §580.3.

4.      At all times material hereto, the Dealership was licensed by the State of Florida as a dealer conducting new and used automobile sales in Pasco County, Florida.

5.      At all times material hereto, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and a "transferor"as said term is defined under 49 C.F.R. §590.3.

### *Factual Allegations*

6.      On or about July 26, 2010, Ms. Ledford went to the Dealership to view used automobiles for the intent of purchasing a vehicle for the personal household use of his family.

7.      At the aforementioned time, Ms. Ledford selected a 2010 KIA Sportage automobile, VIN: KNDKGCA32A7705891 ("Vehicle").

8.      Prior to the selection of the Vehicle, Ms. Ledford advised the Dealership that she required a vehicle for reliable transportation for the purpose of work, shopping, transporting her family, and for other personal uses.

9.      At the time of the selection of the Vehicle by Ms. Ledford, the Dealership, through its agents, employees and/or representatives acting within the scope of their authority on behalf of the Dealership, falsely represented to Ms. Ledford the following:

- that the Vehicle was a "demo;"
- that the Vehicle had never been titled;
- that the Vehicle had been recently "purchased directly from KIA" and had been driven by "management."

10.     At the time of the purchase of the Vehicle, the Vehicle had been previously titled in the name of "PV Holding Corporation" —a subsidiary of Avis Budget Car Rental, LLC ("Avis").

11.     Contrary to the requirements of Florida Statute §319.14, the Dealership knowingly and intentionally failed to disclose the prior use of the Vehicle as a rental car at any time prior to its sale to Ms. Ledford.

12.     Based on the representations and the non-disclosures of the Dealership, Ms. Ledford agreed to purchase the Vehicle.  In furtherance of his purchase, Ms. Ledford executed and delivered to the Dealership a "Retail Order Contract" ("Retail Buyer's Order").

13.     A true and correct copy of the Retail Buyer's Order is attached hereto and incorporated by reference as Exhibit "A."

14.     Shortly after the purchase of the Vehicle, Ms. Ledford discerned that the Vehicle had a constant vibration when operating under normal road conditions.

15.     The vibration of the Vehicle was so intense that the side interior front driver-side panel had become dislodged.

16.     Concerned that the Vehicle had in fact been in an accident, Ms. Ledford acquired a report from Auto Check, Inc. on the Vehicle.

17.     Much to the great surprise of Ms. Ledford, Ms. Ledford learned that the Vehicle had been used in a rental fleet and had been in a severe accident with significant damage prior to its purchase by Ms. Ledford.

18.     At no time did the Dealership disclose to Ms. Ledford that the Vehicle had been used as a rental car, had not been properly inspected and had been in a prior accident.

19.     As part of the due diligence of Ms. Ledford in preparation of the instant claim, Ms. Ledford through counsel obtained a copy of the title history for the Vehicle from the State of Florida Department of Highway Safety and Motor Vehicles ("DMV").

20.     From the DMV, Ms. Ledford obtained Florida Certificate of Title Number

103647874 for the Vehicle ("Vehicle Title").

21.     A true and correct copy of the Vehicle Title is attached hereto and incorporated by reference as Exhibit "B."

22.     In order to conceal and further the fraudulent scheme of selling a wrecked daily rental car to Ms. Ledford, the Dealership through its agents and employees forged the signature of Ms. Ledford to the Vehicle Title.

23.     If the Dealership had disclosed to Ms. Ledford that the Vehicle had been previously used as a rental car, had not been properly inspected, was not a "demo", and had been in a prior accident, Ms. Ledford would not have agreed to purchase the Vehicle.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT

24.     This is an action for violation of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32701, *et sequi* (hereinafter the "Act"), exclusive of interest, costs and attorneys fees.

25.     Ms. Ledford reaffirms and realleges the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

26.     At all times material hereto, Ms. Ledford was a "transferee" as said term is defined 49 C.F.R. §580.30.

27.     At all times material, the Dealership was a "dealer" as said term is defined under 49 U.S.C. §32702(2) and a "transferor" as defined by 49 C.F.R. §580.30.

28.     At all times material hereto, the Vehicle was a "motor vehicle" as said term is defined under 49 U.S.C. §32101(7).

29.     The Dealership failed to provide Ms. Ledford with the actual title certificate, for her examination and signature, as required by 49 U.S.C. §32705 and 49 C.F.R. §580.5.

30.     The title certificate for the Vehicle clearly designated the Vehicle as a leased vehicle and that the Vehicle had been owned by Avis.

31.     By not producing the actual title certificate, the Dealership was able to hide from Ms. Ledford the facts related to the prior ownership of the Vehicle as well as the fact that the Vehicle was previously used as a short-term lease vehicle.

32.     Instead of complying with the requirements of the Act, the Dealership required Ms. Ledford to sign various unknown documents, believed to be a power of attorney, an odometer disclosure statement, a motor vehicle dealer title reassignment supplement, and an application for certificate of title (hereinafter referred to collectively as the "Transfer Forms") which did not disclose the designation of the Vehicle as a rental car and the prior ownership by Avis. Through this tactic, the Dealership was able to affix the name of Ms. Ledford to the title certificate and avoid disclosing the prior history of the Vehicle.

33.     The power of attorney and other Transfer Forms were not the secured forms issued by the State of Florida and did not contain the disclosures required by the Act.

34.     The Dealership designed and employed this tactic of requesting Ms. Ledford to sign a power of attorney and other Transfer Forms instead of the actual title certificate as required under federal law with the specific intent of perpetuating a fraud and deception on Ms. Ledford of selling a previously wrecked rental car to Ms. Ledford.

35.     The Dealership intentionally manipulated title procedures both to mislead Ms. Ledford and to serve its own ends, to-wit: the sale of a wrecked rental car.

36.     As an experienced motor vehicle dealer, the Dealership knew or should have known of the Act and its regulatory requirements regarding disclosures and deliberately and recklessly disregarded what the law required.

37.    The Dealership deliberately deceived Ms. Ledford through the oral and written misrepresentations and non-disclosures referred to above.

38.    The Dealership has violated the Act in that the Dealership made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4.

39.    The Dealership violated the Act with the specific intent to defraud.

40.    As a direct and proximate result of the violations of the Act, the Dealership is liable to Ms. Ledford in the sum of three times her actual damages or $1,500.00, whichever is greater.

41.    Ms. Ledford has retained the undersigned counsel to represent her interest herein and is obligated to pay said counsel a reasonable fee for his services.

42.    Pursuant to 49 U.S.C. §32710(b), Ms. Ledford is entitled to recover her reasonable attorneys fees and court costs upon entry of judgment in his favor.

WHEREFORE, Plaintiff, Cristina D. Ledford, an individual, demands judgment in his favor against Defendant, Gilliss & Gilliss, Inc., a Florida corporation, doing business as "Friendly KIA," for damages, together with interest, court costs and attorneys fees pursuant to 49 U.S.C. §32710(b).

### COUNT II - ACTION FOR VIOLATION OF
### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

43.    This is an action for violation of Florida Statute §501.201, *et sequi,* known more commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA").

44.    Ms. Ledford realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

45.    At all times material hereto, Ms. Ledford was an "interested party or person" as said term is defined under Florida Statutes §501.203(6).

46.     At all times material hereto, the Vehicle was previously used prior to the sale to Ms. Ledford by the Dealership as a "short-term lease" vehicle, as said term is defined under Florida Statutes §319.14(1)(c)2a.

47.     At all times material hereto, the Vehicle was a "motor vehicle" and "used motor vehicle" as said terms are defined under Florida Statutes §320.01(1) and §319.001(11), respectively.

48.     By virtue of the acts described above, the Dealership was engaged in "trade or commerce" as said term is defined under Florida Statutes §501.203(8).

## Violation of FTC Used Car Rule

49.     Pursuant to 16 C.F.R. §455, entitled "the FTC Trade Regulation Rule on the Sale of Used Motor Vehicles," known more commonly as the "FTC Used Car Rule" ("FTC Used Car Rule"), franchises or independent used car dealers are required to post certain consumer disclosures when selling used vehicles.

50.     The FTC Used Car Rule requires, *inter alia*, that a dealer for each used car offered for sale display, prominently and conspicuously on the vehicle so that both sides are readily readable, a "Buyer's Guide," also known as a "window sticker" ("Buyer's Guide").

51.     At the time of the purchase of the Vehicle by Ms. Ledford, the Vehicle did not have a Buyers Guide affixed to the Vehicle and Ms. Ledford was not provided a copy of same at the time she consummated the purchase of the Vehicle.

52.     The violation of the FTC Used Car Rule by the Dealership is a per se violation of the DUTPA.

## Violation of Florida Title Certificate Act

53.     During the course of the sale and financing of the Vehicle, the Dealership violated

the requirements of Florida Statutes Chapter 319, known more commonly as the "Florida Title

Certificate Act", in the following respects:

> A.   By knowingly selling, exchanging or transferring the
> vehicle without, prior to consummating the sale,
> exchange or transfer, disclosing in writing to Ms.
> Ledford as a purchaser, customer or transferee, the
> fact that the Vehicle had previously been titled or
> used as a short term lease vehicle in violation of
> Florida Statutes §319.14(2); and
>
> B.   By signing an odometer disclosure statement as both
> the transferor and the transferee for the same
> transaction in violation of Florida Statutes
> §319.225(5).

54.   The violation of the Florida Title Certificate Act is a per se violation of the DUTPA

under Florida Statutes §501.211(3)(c).

### *Violation of Florida Motor Vehicle License Act*

55.   During the course of the sale and financing of the Vehicle, the Dealership violated

the requirements of Florida Statutes Chapter 320, known more commonly as the "Florida Motor

Vehicle Licenses Act", in the following respects:

> A.   By misrepresenting or making false, deceptive or misleading
> statements with regard to the sale of the Vehicle in violation
> of Florida Statutes §320.27(b)3; and
>
> B.   By perpetrating any fraud upon Ms. Ledford in
> connection with the sale of the Vehicle in violation of
> Florida Statutes §320.27(9)(b)13.

56.   The violation of the Florida Motor Vehicle License Act is a per se violation of the

DUTPA pursuant to Florida Statute 7501.211(3)(c).

57.   As a direct and proximate result of the violation of the DUTPA, Ms. Ledford has

been damaged and is an aggrieved person under the DUTPA.

\*            \*            \*            \*

58.    As more particularly described above, the Dealership has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statutes §501.204(1).

59.    Pursuant to Florida Statutes §501.211, Ms. Ledford is entitled to obtain a declaratory judgment that the acts and practices of the Dealership under the DUTPA and to enjoin the Dealership from further violations of the DUTPA.

60.    It is in the interest of protection of consumers that the Dealership be prohibited and proscribed from further violations of the DUTPA as described above.

61.    Ms. Ledford has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Cristina D. Ledford, an individual, demands judgment against Defendant, Gilliss & Gilliss, Inc., a Florida corporation, doing business as "Friendly KIA," for:

A.    Declaratory relief against Defendant adjudicating that the actions of Defendant as described above constitute a violation of the DUTPA;

B.    Injunctive relief against Defendant prohibiting Defendant from further violations of the DUTPA as described above;

C.    Damages in an amount to be determined at trial; and

D.    Attorney's fees and court costs pursuant to Florida Statutes §501.2105.

## COUNT III - ACTION FOR FRAUD

62.    This is an action for a claim for damages for common law fraud brought pursuant to the doctrine of pendent jurisdiction.

63.    Ms. Ledford realleges and reaffirms the allegations contained in Paragraphs 1

through 23 above as if set forth hereat in full.

64.     As more particularly described above, the Dealership misrepresented material facts concerning the history and condition of the Vehicle.

65.     The Dealership omitted material facts by failing to disclose that the Vehicle had been previously used as a rental car.

66.     The Dealership knew that the representations above were false, or made such representations recklessly, when the Dealership had no reasonable grounds for believing those representations were true.

67.     The Dealership knew that the omissions concerning the Vehicle were material and important.

68.     The Dealership intended to deceive Ms. Ledford and Ms. Ledford relied upon the misrepresentations and omissions to her detriment.

69.     As a direct and proximate result of the fraud and non-disclosures by the Dealership, Ms. Ledford has been damaged.

WHEREFORE, Plaintiff, Cristina D. Ledford, an individual, demands judgment for damages against Defendant, Gilliss & Gilliss, Inc., a Florida corporation, doing business as "Friendly KIA," together with interest and costs.

## COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION

70.     This is an action for negligent misrepresentation brought pursuant to the doctrine of pendent jurisdiction.

71.     Ms. Ledford realleges and reaffirms the allegations contained in Paragraphs 1 through 23 above as if set forth hereat in full.

72.     As more particularly described above, the Dealership misrepresented and failed to

disclose material facts concerning the history and condition of the Vehicle which were false.

73.     The Dealership believed the above statements to be true but which were in fact false.

74.     The Dealership was negligent in making the statements concerning the condition and history of the Vehicle and that the Dealership should have known the statements were false.

75.     The Dealership, in making the statements concerning the condition of the Vehicle, intended that Ms. Ledford rely upon said statements.

76.     Ms. Ledford justifiably relied on the false statements concerning the history and condition of the Vehicle at the time of her purchase of the Vehicle.

77.     As a direct and proximate result of the negligent misrepresentation by the Dealership, Ms. Ledford has been damaged.

WHEREFORE, Plaintiff, Cristina D. Ledford, an individual, demands judgment for damages against Defendant, Gilliss & Gilliss, Inc., a Florida corporation, doing business as "Friendly KIA," together with interest and costs.

D.     Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Cristina D. Ledford, an individual, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this ⎽17⎽ day of November, 2010.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telecopier
Attorney for Plaintiff